IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas E. Leeds, <u>et al.</u>,         )
                                       )
            Plaintiffs,                ) Case No. 1:04-CV-429
                                       )
    vs.                                )
                                       )
John E. Potter, <u>et al.</u>,         )
                                       )
            Defendants.                )

O R D E R

This matter is before the Court on Defendants' motion to dismiss (Doc. No. 12). For the reasons set forth below, Defendants' motion is **GRANTED IN PART AND DENIED IN PART**.

I. Background

Plaintiff Thomas Leeds[1] was employed by the United States Postal Service ("the USPS") at the Cincinnati Bulk Mail Center ("CBMC") from 1976 until December 2002. Complaint ¶ 7. Plaintiff is Caucasian and was age 65 at the time of filing of the complaint. Id. Starting in 1983, Plaintiff became permanently disabled from working as a mail handler because of a L5-S1 laminectomy, degenerative spondylosis, facet arthropothy, lumbar stinosis, and degenerative disc disease. Id. He was

---

[1] Plaintiff's wife, Sandra Leeds, is also a plaintiff in this case insofar as she asserts a derivative loss of consortium claim. Because most of the operative facts, at least for purposes of this motion, involve only Thomas Leeds, the Court will refer to him as "Plaintiff." The Court will as needed refer to Sandra Leeds as "Plaintiff Sandra Leeds."

assigned a light duty position as a forklift driver as a reasonable accommodation for his disabilities.  Id.

The complaint alleges that during the period from September 2002 through October 2002, the Defendants failed to accommodate Plaintiff's disabilities by removing him from his position driving a forklift and assigning him to the sack sorter position, which required him to perform continuous bending, lifting, pushing, pulling, standing, and walking.  Id. ¶ 17.  The complaint also alleges that the Defendants engaged in reverse race discrimination and age discrimination by treating younger African-American employees more favorably than older white employees.  Id.

Although the specific facts surrounding the alleged instances of discriminatory conduct are not detailed in the complaint, it appears from Plaintiff's affidavit filed in support of his memorandum in opposition to Defendant's motion to dismiss that he was removed from his forklift driving position on September 22, 2002 in a disciplinary action taken after he bumped an empty file cabinet. Doc. No. 16, Leeds Aff. ¶ 2.  In response to the incident, Obie North, an African-American co-worker, stated "I want that white motherfucker to lose his license just like I did."  Plaintiff avers that North repeated this racial slur a few days later.  Id. ¶ 3.  Plaintiff claims that he was instructed to park his forklift and put containers on the loop

2

and mark pallets.  Id. ¶ 4.  Apparently, it was this position that did not reasonably accommodate Plaintiff's disabilities.

On June 25, 2004, Plaintiff and his wife, Sandra Leeds, filed a six count complaint against Postmaster General John E. Potter, the USPS, and individual supervisory employees Hugh L. Martin, Raquel N. McGrady, Kay Johnson, and Emory Ogletree. Count One alleges that Defendants violated the Rehabilitation Act, 29 U.S.C. § 701, et seq., by removing Plaintiff from his position as a forklift driver and otherwise disregarding the reasonable accommodations which had been made for him at the CBMC.

Count Two of the complaint asserts a claim for age discrimination pursuant to the Age Discrimination in Employment Act ("the ADEA"), 29 U.S.C. § 623, et seq.  This count alleges that Defendants discriminated against Plaintiff because of his age by treating him more harshly and sanctioning him more severely than other substantially younger employees.

Count Three of the complaint asserts a claim for reverse race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  This count alleges that Defendants treated Plaintiff more severely or harshly than similarly-situated African-American employees.

Count Four of the complaint is captioned "DISPARATE IMPACT" and alleges that Defendants have a systematic and

continuous policy of reverse race discrimination in which they treat African-American employees more favorably than Caucasian employees in disciplinary matters.

Count Five of the complaint asserts constitutional claims for denial of due process and equal protection against Defendants Martin, McGrady, Johnson, and Olgetree pursuant to the U.S. Supreme Court's decision in <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Finally, Count Six of the complaint asserts a state law claim for loss of consortium against all of the Defendants on behalf of Plaintiff Sandra Leeds.

Plaintiff seeks a declaration that Defendants committed discriminatory acts against him because of his race, compensatory damages of $300,000, punitive damages, an award of attorney's fees and costs, and such other relief as the Court may deem appropriate.

Defendants now move to dismiss each of Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that dismissal of Plaintiff's employment discrimination claims is appropriate because he failed to report the alleged discriminatory acts to the EEO Counselor within 45 days of their occurrence as is required by 29 C.F.R. § 1614.105(a)(1). Defendants further argue that the USPS should be dismissed as a party because the head of the agency is the only

appropriate defendant in a lawsuit against a federal agency. Defendants move to dismiss Plaintiff's <u>Bivens</u> claims on the grounds that such claims are barred where Congress has enacted a comprehensive regulatory scheme which affords federal employees meaningful remedies. Such a scheme exists, Defendants argue, in both the employment discrimination statutes and the regulations which govern the employment of postal employees. Defendants argue that Plaintiff Sandra Leeds' loss of consortium claim should be dismissed because she failed to exhaust the administrative remedies of the Federal Tort Claims Act before filing suit. Finally, Defendants move to dismiss Plaintiffs' claim for punitive damages on the grounds that a plaintiff may not recover punitive damages in an employment discrimination lawsuit versus a governmental agency. Attached to Defendants' motion to dismiss are documents which essentially comprise the administrative record of Plaintiff's complaint.

Plaintiff limits his response to the motion to dismiss to two areas. In answer to Defendants' contention that he failed to contact the EEO Counselor within 45 days of the occurrence of the alleged discriminatory acts, Plaintiff argues that equitable tolling applies to excuse that default. With regard to the <u>Bivens</u> claim, Plaintiff argues that Title VII is not a comprehensive regulatory scheme and thus a <u>Bivens</u> claim is cognizable here to fill the remedial gaps in Title VII. Because

5

Defendants attached materials outside of the pleadings to their motion, Plaintiffs ask the Court to convert the motion to dismiss to a motion for summary judgment so that they can conduct discovery related to the equitable tolling issue. In support, Plaintiffs attach the Rule 56(f) affidavit of their trial attorney, who states that he will depose Plaintiff's two supervisors, Kay Johnson and Emory Ogletree. Plaintiff contends that these depositions will confirm his assertion that equitable tolling applies because Johnson and Ogletree assured Plaintiff that his complaint could be resolved without involving the EEO Counselor.

The Court takes up the issues raised in the motion to dismiss seriatim.

## II. Rule 12(b)(6) Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. In its consideration of a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) and Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974). A court will, though, accept all reasonable

inferences that might be drawn from the complaint. Fitzke v. Shappell, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, this Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

### III. Analysis

#### A. The USPS as a Party/Defendant

Defendants move to dismiss the USPS as a defendant because the Postmaster General, as head of the agency, is the only proper defendant in an employment discrimination lawsuit versus an agency of the federal government. In conjunction with this argument, Defendants also move to dismiss the employment discrimination claims against Defendants Martin, McGrady, Johnson, and Olgetree. Plaintiff did not respond to this argument.

Defendants are correct that in an employment discrimination lawsuit, the head of the department or agency is the only proper defendant. Hancock v. Egger, 848 F.2d 87, 88 (6th Cir. 1988); 42 U.S.C. § 2000e-16(c). The Postmaster General is the departmental head of the USPS. Therefore, the Postmaster General is the only proper defendant in an employment discrimination lawsuit versus the USPS. Stiles v. Frank, Nos.

7

91-5454, 91-5455, 91-5648, 1992 WL 188111, at **1 (6th Cir. Aug. 6, 1992). Accordingly, Defendants' motion to dismiss the USPS as a party is well-taken and is **GRANTED**. The claims versus the USPS are **DISMISSED WITH PREJUDICE**.

Additionally, it is well-established that individuals may not be held liable under Title VII, the ADEA, or the Rehabilitation Act. Wathen v. General Elec. Co., 115 F.3d 400, 404 (6th Cir. 1997) (Title VII); Liggins v. State of Ohio, No. 99-3535, 2000 WL 178420, at **2 (6th Cir. Feb. 8, 2000) (ADEA); Hiler v. Brown, 177 F.3d 542, 545-47 (6th Cir. 1999) (Rehabilitation Act). Accordingly, Defendants' motion to dismiss Plaintiff's employment discrimination claims against Defendants Martin, McGrady, Johnson, and Ogletree is well-taken and is **GRANTED**. Those claims are **DISMISSED WITH PREJUDICE**.

### B. Equitable Tolling

The complaint and the administrative record filed by Defendants establish that the last alleged discriminatory act occurred in October 2002 but that Plaintiff did not contact the EEO Counselor about his complaint until January 2003. See Complaint ¶ 3; Doc. No. 12-3. Plaintiff thus did not contact the EEO Counselor within 45 days as required and he admits as much in his complaint. See, e.g., Complaint ¶ 6. Nevertheless, Plaintiff contends that equitable tolling applies to waive his default.

In his affidavit, Plaintiff states that he questioned Ogletree regarding filing an EEO complaint or contacting a postal inspector about the comments made by Obie North.  In response, Plaintiff says, Ogletree told him that "There is no need for the EEO" and that "we will handle it."  Plaint. Aff. ¶¶ 5, 7.  Additionally, Ogletree allegedly told Plaintiff that Johnson was investigating the incident.  Id. ¶ 10. Plaintiff states that had Ogletree not assured him that it would not be necessary to file an EEO complaint he would have done so immediately.  Id. ¶¶ 8, 10.  In the end, Plaintiff says, the investigation took over two weeks and North was never disciplined for his behavior.  Id. ¶ 11.

The requirement that a federal employee contact an EEO counselor within 45 days of the alleged discriminatory act is a mandatory prerequisite to filing an employment discrimination claim in federal court.  Horton v. Potter, 369 F.3d 906, 910 (6th Cir. 2004).  Nevertheless, this requirement is not jurisdictional and is subject to waiver, estoppel, and equitable tolling.  Id. at 911.  In determining whether equitable tolling is applicable, the district court should consider the following factors: 1) whether the plaintiff had actual notice of the time restraint; 2) whether the plaintiff had constructive notice of the time restraint; 3) the degree of diligence the plaintiff exercised in pursuing his rights; 4) the degree of prejudice to the defendant;

9

and 5) the reasonableness of the plaintiff's ignorance of the time constraint. Steiner v. Henderson, 354 F.3d 432, 435 (6th Cir. 2003). These factors are not exclusive however, and the court may decide to allow equitable tolling on a case-by-case basis. Id. at 435. Under circumstances similar to the facts alleged in Plaintiff's affidavit, the Sixth Circuit held that equitable tolling applied where the plaintiff agreed to give the employer sufficient time to investigate her complaint and the employer agreed not to use the time spent on the investigation to prejudice the plaintiff with respect to the statute of limitations. Leake v. University of Cincinnati, 605 F.2d 255, 258 (6th Cir. 1979).

In this case, the Court finds that Plaintiff has at least made a prima facie case that equitable tolling applies to cure his failure to contact the EEO Counselor within 45 days of the alleged discriminatory acts. Plaintiff's affidavit, which the Court accepts as true for purposes of the motion to dismiss only, establishes that his supervisors forestalled his desire to complain to the EEO Counselor with their assurances that they would handle the incident without the necessity of involving the EEO. Although Defendants contend that Plaintiff still did not diligently pursue his rights even if the Court accepts that his supervisors dissuaded him from immediately filing a complaint, this is but one factor for the Court to consider. Affording

complete discovery on the issue of equitable tolling will allow the parties to more fully flesh out all of the factors cited above.

Accordingly, Defendants' motion to dismiss Plaintiff's employment discrimination claims for failure to comply with the 45 day requirement is not well-taken and is **DENIED**. The motion, however, is denied without prejudice to renew after the close of discovery.

### C. Bivens Claims

Defendants move to dismiss Plaintiff's Bivens constitutional claims against the individual Defendants on the grounds that they are not cognizable because of the comprehensive regulatory scheme that Congress has established to govern the employment of federal employees. The Court agrees. The Sixth Circuit has consistently held that Bivens constitutional claims which arise out of the plaintiff's employment relationship with the federal government are not cognizable because of the comprehensive personnel management system established by the Postal Reorganization Act ("the PRA") and the Civil Service Reform Act ("the CSRA"). Harper v. Frank, 985 F.2d 285, 289 (6th Cir. 1993) PRA incorporates CSRA provisions regarding adverse employment actions); Jones v. Tennessee Valley Auth., 948 F.2d 258, 264 (6th Cir. 1991)(CSRA bars Bivens claims arising out of federal employment); Meredith v. U.S. Dept. of Justice, No. 97-

11

4137, 1998 WL 833690, at **4 (6th Cir. Nov. 20, 1998)(same); Wolverton v. United States, No. 96-5524, 1997 WL 85153, at **3-**4 (6th Cir. Feb. 26, 1997)(same).

Accordingly, Defendants' motion to dismiss Plaintiff's Bivens claims against the individual Defendants is well-taken and is **GRANTED**. Plaintiff's Bivens claims are **DISMISSED WITH PREJUDICE**.

### D. Loss of Consortium

Defendants move to dismiss Plaintiff Sandra Leeds' loss of consortium claim because she failed to plead and prove that she exhausted the administrative remedies provided in the Federal Tort Claims Act ("the FTCA") prior to filing suit. Plaintiff has not responded to this argument.

In any event, Defendants are correct that in order to file a tort claim against the United States, the plaintiff must first exhaust the administrative remedies established by the FTCA. Blakely v. United States, 276 F.3d 853, 864 n.3 (6th Cir. 2002). In this case, Plaintiff Sandra Leeds has not established that she exhausted the FTCA administrative remedies prior to filing her loss of consortium claim.

Accordingly, Defendants' motion to dismiss Plaintiff Sandra Leeds' loss of consortium claim is well-taken and is **GRANTED**. That claim is **DISMISSED WITHOUT PREJUDICE**.

### E. Punitive Damages

Finally, Defendants move to dismiss Plaintiff's claim for punitive damages because an employment discrimination plaintiff may not recover punitive damages against a government or governmental agency. Defendants again correctly state the law. See 42 U.S.C. § 1981a(b)(1); Robinson v. Runyon, 149 F.3d 507, 515-17 (6th Cir. 1998)(holding that pursuant to § 1981a(b)(1), Title VII plaintiff could not recover punitive damages against the USPS).

Accordingly, Defendants' motion to dismiss Plaintiff's punitive damages claim is well-taken and is **GRANTED**. Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

<u>Conclusion</u>

For the reasons stated above, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss all of the claims against the United States Postal Service is well-taken and is **GRANTED**. The claims versus the United States Postal Service are **DISMISSED WITH PREJUDICE.** Defendants' motion to dismiss the employment discrimination claims against the individual Defendants in their individual capacities is well-taken and is **GRANTED**. Those claims are **DISMISSED WITH PREJUDICE** as to the individual Defendants. Defendants' motion to dismiss Plaintiff's employment discrimination claims for failure to comply with the 45 day rule in 29 C.F.R. § 1614.105(a)(1) is not well-taken and is **DENIED.**

Defendants may renew this motion following the close of discovery.  Defendants' motion to dismiss Plaintiff's <u>Bivens</u> claims is well-taken and is **GRANTED**.  Plaintiff's <u>Bivens</u> claims are **DISMISSED WITH PREJUDICE**.  Defendants' motion to dismiss Plaintiff Sandra Leeds' loss of consortium claim is well-taken and is **GRANTED**.  That claim is **DISMISSED WITHOUT PREJUDICE**.  Finally, Defendants' motion to dismiss Plaintiff's claim for punitive damages is well-taken and is **GRANTED**.  Plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED**

Date__ June 15, 2005 __         ____s/Sandra S. Beckwith____
                                          Sandra S. Beckwith, Chief Judge
                                          United States District Court